FELIX STEADHAM v. THE STATE. ·

No. 1869. Decided December 14, 1898.

**1. Conversion by a Bailee—Venue of Offense.**

On a trial for conversion by a bailee for hire, where the evidence showed that the converted property, a hack and harness, was hired on the 30th of April in El Paso, for one day; · that ten days thereafter defendant was forty miles from the city, in the mountains; that he would have to travel 175 miles in El Paso County and it would take six or seven days to reach Midland County, where he claimed the property as his own and sold it on the 25th day of October following; Held, conversion can be proved by circumstantial as well as positive testimony, and the facts stated showing a conversion in El Paso County, jurisdiction of the offense was properly obtained and the prosecution instituted in that county.

**2. Same—Circumstantial Evidence—Conversion.**

Under the facts above stated, where the fraudulent conversion was not disputed, the court was not required to charge the law of circumstantial evidence.

**· 3. Venue—Circumstantial Evidence—Reasonable Doubt.**

The law of circumstantial evidence does not apply to venue, nor is it necessary to prove venue beyond a reasonable doubt.

APPEAL from the District Court of El Paso. Tried below before Hon. A. M. WALTHALL.

. Appeal from a conviction for conversion by a bailee for hire; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Millard Patterson* and *C. N. Buckler*, for appellant, upon the question of venue and jurisdiction, cited Abbey v. State, 35 Texas Criminal Reports, 589; Yost v. State, 38 Southwestern Reporter, 192.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of theft by conversion of a hack and harness, alleged to be worth $140, and given five years in the penitetiary; hence this appeal.

The indictment contains two counts,—the first for theft by conversion of the alleged stolen property, and the second for theft charged in the ordinary form. The court submitted only the first count. The evidence discloses that appellant hired from Mendenhall, the alleged owner and keeper of a stock yard in the city of El Paso, the hack and harness described, for one day, paying the sum of one dollar for same. He failed to return the hack at the expiration of the contract, and two or three days thereafter the owner began hunting for the defendant and his property, and sent out circulars describing said hack and harness and the defendant. The hiring occurred on the 30th of April, 1897, and on the 25th day of the following October appellant sold the hack and harness in Midland County. The defendant seems to have gone from El Paso to Eddy, N. M. He was heard of in El Paso County, ten days after procuring the hack, going in that direction, and about forty miles from the city of El Paso, in the mountains. The evidence further shows that, in order to get out of El Paso County in the direction indicated or to reach Midland County, appellant would have to travel in El Paso County 175 miles; and that it would take six or seven days, going in either direction, for appellant to travel said 175 miles. The owner was unable to ascertain the whereabouts of appellant until he heard of him in New Mexico, but defendant in the meantime had left there, returning into Texas, and sold the property in Midland County. He claimed the property as his own, and sold it as above stated, giving a . bill of sale to the purchaser. The defendant offered no evidence.

The first contention is that the county of El Paso had no jurisdiction, in that there was no actual conversion shown in said El Paso County, but the same occurred in Midland County. We understand the rules with reference to the question of conversion are the same in this character of case as in that of embezzlement, and that it can be proved in the same manner as in embezzlement. When the contract of hiring terminated appellant was in the wrongful possession of the property, and a civil suit for the recovery of same would have been justified. The fraudulent conversion of the property in this case is not questioned. The only question on this phase of the case is that it was not fraudulently

converted in El Paso County. Conversion can be proved by circumstantial, as well as by positive, evidence. We are of the opinion that the facts in this case show a conversion in El Paso County.

It is also insisted that the court should have charged the law applicable to a case of circumstantial evidence. As before stated, the fraudulent conversion is not a disputed fact, under the evidence, and therefore it was not necessary to charge the law on circumstantial evidence. If it was necessary to charge on circumstantial evidence at all, it was as to venue. It is well settled that this phase of the law does not apply to venue. It is not even necessary to prove venue beyond a reasonable doubt. We know of no case that holds a contrary doctrine. Nor is there any merit in the contention that the evidence does not support the conviction. We do not see how a case could have been more clearly made out. The judgment is affirmed.

*Affirmed.*