## TAYLOR REYNOLDS v. THE STATE.

### No. 2640. Decided October 22, 1913.

**1.—Theft of Cattle—Jury and Jury Law—Challenge for Cause.**

Where, upon trial for theft of cattle, the record showed on appeal that the jurors objected to were not subject to challenge for cause and that none of them served on the trial of the case, there was no reversible error. Following Oates v. State, 67 Texas Crim. Rep., 488.

**2.—Same—Jury and Jury Law—Regular Panel.**

When there are as many as twelve or more jurors in the panel, in ordinary felony cases the parties can correctly be required to make their challenges, and it is only when the panel is reduced to less than twelve jurors that the court is required to have others summoned, and where the panel was composed of twenty-four jurors, an objection that the same was not full was correctly overruled.

**3.—Same—Evidence—Brand.**

Evidence of the brand on cattle is admissible for the purpose of proving their identity, even though such brand is not recorded, and where this was done under a proper charge, there was no error.

**4.—Same—Evidence—Map.**

Where, upon trial of theft of cattle, the jury had before them a map showing the pasture of the alleged owner, the fences, gates, etc., which was freely used

on both sides, and it was shown that the same was approximately correct, there was no error in admitting same in evidence.

### 5.—Same—Evidence—Declarations of Defendant—Conversation.

Where defendant had shown by his witness part of the declarations of the defendant as to how he obtained the alleged stolen cattle, there was no error in permitting the State, on cross-examination, to show the entire conversation defendant had with the witness.

### 6.—Same—Evidence—Practice in District Court.

Upon trial of theft of cattle, there was no error in permitting the State to show that the testimony of defendant on the point as to when he saw the brand on the cattle for the first time was not true; this was necessary to a due administration of justice. Article 718, Code Criminal Procedure.

### 7.—Same—Venue—Evidence—Charge of Court.

It is the settled law of this State that it is not essential to prove venue beyond a reasonable doubt, and the same may be proved by circumstantial evidence, and where the evidence sufficiently showed the venue as alleged, under a proper charge of the court, there was no error.

### 8.—Same—Charge of Court—Circumstantial Evidence—Venue.

Where the court gave a correct charge on circumstantial evidence as applied to the facts of the case, the same was sufficient, and a charge on circumstantial evidence on the question of venue was inapplicable and was correctly refused.

### 9.—Same—Requested Charges—Venue.

Where the court's main charge substantially covered the points in the requested charges, there was no error in refusing special charges on the same subject; especially, where they ignored the statutes.

Appeal from the District Court of Shackelford. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. A. Clarke* and *J. M. Parker,* for appellant.—On question of unrecorded brand: Massey v. State, 31 Texas Crim. Rep., 91; Reese v. State, 43 id., 539.

On question of court's charge on venue: Ryan v. State, 22 Texas Crim. App., 699; Briggs v. State, 20 id., 106; Latham v. State, 19 id., 305; Bragg v. State, 17 id., 219; Williamson v. State, 13 id., 514.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of cattle theft and his punishment fixed at two years confinement in the penitentiary,—the lowest prescribed by law.

By two bills appellant complains of error in the court not sustaining his challenge to two jurors because they had formed an opinion. The bills are too lengthy to copy. One gives in full the examination of the juror on his voir dire. The effect of the other is shown by the bill. The statute prescribes the causes for which a juror may be challenged.

C. C. P., art. 692. The substance of subdivision 13 of this article, is, being the only one applicable to the question raised, that if the juror shows that there is established in his mind from hearsay or otherwise such a conclusion as to the guilt or innocence of the defendant as will influence his action in finding a verdict, then a line of inquiry is indicated which shall be asked him. And if it appear that his conclusion has been formed from statements, reports, mere rumors or hearsay and he states on his oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, and the court is satisfied that he is impartial and will render such verdict, the court may, in his discretion, admit him as a competent juror; but, if the court, in its discretion, is not satisfied that he is impartial, he shall be discharged. The testimony of these jurors was sufficient to show that they were able, and they swore that, notwithstanding their opinion, they were able to render an impartial verdict upon the law and the evidence; and that the court was satisfied that this was true and they were impartial and that they would render such verdict. The evidence of these jurors was sufficient to show that they were competent and that appellant's challenge for the cause assigned was not correct as a matter of fact. But whether this be true or not, the bills show that neither of these jurors served in this case and that both of them were peremptorily challenged by appellant. Neither of the bills show, nor does the record otherwise show, that any objectionable juror whatever was forced upon the appellant, or served as a juror on this trial. It has been the uniform and long holding of this court, that unless the appellant shows that the ruling of the court in not sustaining appellant's objection to a juror for cause, results in some legally objectionable juror sitting in the case, that such ruling of the court, even if wrong, affords no ground of reversal. (Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1195.) And as said by this court in the Oates case, supra, "this rule has been so long settled it is deemed unnecessary to discuss it further." So that, even if the court was in error as claimed by appellant, no injury resulted to him which would or should cause a reversal of this judgment.

By another bill it is shown that there were twenty-four regularly drawn jurors for the week in the jury box; that they were all examined on their voir dire and were held qualified jurors to try the case, and the parties were directed to make their challenges. The appellant then claimed that the panel was not full; that there should be thirty-two instead of twenty-four jurors in the box and requested the court to summon the additional eight jurors before he should be compelled to make any challenge. The court overruled his motion and objection. There was no error in the court's action and ruling. The effect of our statutory provisions on the formation of a jury in cases less than capital is that twelve jurors in the District Court is a full panel. Articles 704-5, C. C. P. When there are as many as twelve or more in the panel, the parties can correctly be required to then make their challenges (art. 711), and it is then only when the number is reduced by such challenges

to less than twelve that the court is required to have other jurors summoned. (Art. 713.) Under no contingency in this case was the court required to summon more than the twenty-four regularly drawn and qualified jurors until after the challenges by the parties reduced the number to less than twelve. This was shown to have been done correctly in this case.

It has uniformly been held by this court that evidence of the brand on cattle is admissible in evidence for the purpose of proving their identity, even though such brand is not recorded. The court did not err as complained by one of appellant's bills to the testimony of C. M. and W. H. Cauble as to the brand of C. M. Cauble, the owner, that was on the cattle alleged to have been stolen. The court not only, in ruling on the objections as to the admissibility of this evidence, told the jury that it was admissible for the purpose of identification only, but also so charged in his written charge to the jury, and further that it was not admissible, and that they could not consider it, to establish ownership.

Many of the witnesses in testifying, had before them and before the jury a map showing the pasture of the alleged owner of said cattle, the fences, gates and contiguous places and houses of various persons and of roads, etc. This was freely used by both sides and the various things pointed out by the witnesses in their testimony. The court correctly permitted this map to be introduced in evidence. Before it was introduced, the State proved by several witnesses that it was approximately correct and where there were errors the district attorney at the time changed the map and corrected it under the direction of the witnesses and at the time it was offered, it was approximately correct according to the testimony of all the witnesses who had been interrogated concerning it. Appellant's contention was that it was incumbent upon the State to prove that the map was absolutely correct. Branch's Crim. Law of Texas, sec. 361, and cases cited.

The appellant introduced Mr. Biggs, the sheriff of Shackelford County, and had him to testify to a part of what appellant said to him, shortly after the alleged commission of this offense, at the time he arrested him, among other things, to the effect that he then stated to the sheriff that he had bought the cattle alleged to have been stolen from a man by the name of Overton, whom he met in the road with this bunch of cattle and that he gave Overton a check for part of the purchase money and a note for the balance, etc. Thereupon, the State proceeded on cross-examination to prove by Mr. Biggs all of the conversation that appellant had with him at that time on the same subject, which the statute expressly authorized. (Art. 811, C. C. P.) In the balance of this conversation, drawn out by the State, the sheriff testified that appellant at the time told him that he had never seen this BOB brand on any cattle until he, on that occasion, bought from Overton this bunch of cattle with this fresh brand on them. The time he claimed to have bought the cattle was about the middle of October, 1912.

Over appellant's objection on the ground that it was not in rebuttal,

after he had closed his evidence, the court permitted the State to prove by two witnesses that in April, 1912, they saw appellant in possession. of some cattle freshly branded with said BOB brand. The court correctly admitted this evidence over appellant's objections. Code of Criminal Procedure, art. 718, is: "The court shall allow testimony to be introduced at any time before the argument of the cause is concluded, if it appear that it is necessary to a due administration of justice." Appellant, as he had a right to do, introduced the testimony to Mr. Biggs for the purpose of explaining, when first called upon to do so, his possession of the alleged stolen animals; and the court, at his instance, gave his special charge to the jury on that subject. It certainly appears that the said testimony of the witnesses objected to was necessary to a due administration of justice. Under appellant's claim, it was an important fact of when he. first saw said brand, and when he stated, through the sheriff, that in the latter part of October, 1912, was the first time he saw this brand, it was a material and important fact to show that his testimony on that point was not true, but that he had seen it in April, some six months prior thereto.

The indictment in this case charged the venue in Shackelford County, Texas. It is unnecessary to state the testimony tending to establish the venue. Upon a careful consideration of all of it, we think the evidence established the venue as laid. The pasture of Cauble, the owner, from which these cattle were stolen was about two miles square and contained 2800 acres. A small strip of this pasture, from 600 to 800 yards wide, on the east side of it, was in Stephens County. All the balance of it was in Shackelford County. The cattle were shown to run, at and prior to the time they were stolen, almost entirely if not exclusively, in the Shackelford County part of the pasture and not on the strip in Stephens County. There was little grass and no water in that part of the pasture in Stephens County; all of the water and the best grass, and the salt licks were in Shackelford County. The testimony tends strongly to show that when the cattle were taken out of the pasture at the time they were stolen they were driven out of a gate which was clearly shown to have been in Shackelford County and not in Stephens. About the time they were shown to have been stolen appellant was seen alone, about 9 o'clock at night, to be driving a bunch of cattle of about the number stolen from the direction of the Shackelford part of this pasture to his place about five miles west of north of the Shackelford part of this pasture and from a direction that would establish that they were driven by him on this occasion from the Shackelford part of the owner's pasture through the gate in Shackelford County and around through Shackelford County into Throckmorton County, where he drove them and where he was soon thereafterwards shown to be in possession of the stolen cattle. The whole testimony not only tends directly and most strongly to show that the offense was committed in Shackelford County, but also tends strongly to exclude the idea that the cattle were stolen from Stephens or any other county other than Shackelford. The

court in charging the jury on the question of venue, gave in charge to the jury article 238, Code of Criminal Procedure, to the effect that an offense committed on the boundary of two counties or within 400 yards thereof may be prosecuted in either county and the indictment may allege the offense to .have been committed in the county where prosecuted. And also article 245 to the effect that where property is stolen in one county and carried off by the offender to another, he may be prosecuted in the county where he took the property, or in any other county through or into which he may have carried the same. Then the court further charged the jury as follows: "Venue must be proved affirmatively, but it is not required that it be proved by positive evidence beyond a reasonable doubt, or it may be proved by circumstantial evidence. It is necessary only that from the facts and evidence, the jury may reasonably conclude that the offense was committed in the county alleged. If from the facts and circumstances in evidence you can not reasonably conclude that the offense is properly laid in Shackelford County, you will acquit the defendant." Then, in submitting the case to the jury for a finding, the court said: "Now, if you should believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Taylor Reynolds, in the County of Shackelford and State of Texas, on or about the 15th day of October, 1912, did unlawfully and fraudulently take, etc." The appellant attacks that part of the court's charge on venue, first above quoted, on the grounds, first, that it was on the weight of the evidence. In our opinion it was not subject to this objection. Second, because it assumed that the offense charged had been committed. In considering objections to a charge the whole of it, and not particular portions only, must be considered. Taking the court's charge as a whole, this objection of appellant is untenable. And his third objection is, that while in telling the jury that venue may be proved by circumstantial evidence it fails to instruct the jury as what is the probative force of circumstantial evidence, and fails to refer to that part of the charge where the rule as to circumstantial evidence when introduced on the question of the commission of the offense itself is stated.

It is the settled law of this State that it is not essential to prove venue beyond a reasonable doubt; that the doctrine of reasonable doubt does not apply to the issue of venue. (Barrara v. State, 42 Texas, 260; McReynolds v. State, 4 Texas Crim. App., 327; Deggs v. State, 7 Texas Crim. App., 359; Achterberg v. State, 8 Texas Crim. App., 463; McGill v. State, 25 Texas Crim. App., 499; Cox v. State, 28 Texas Crim. App., 92; Abrigo v. State, 29 Texas Crim. App., 143.) It is unnecessary to cite any later decisions. Venue may be proved by other than positive testimony; if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged it is sufficient. (Hoffman v. State, 12 Texas Crim. App., 406; Bowman v. State, 38 Texas Crim. App., 14.) It may be effectually proved by circumstantial as by direct evidence. (McGill v. State, supra; Cox v. State, supra; McGlasson v. State, 38 Texas Crim. Rep., 351; Kugadt v. State, 38 Texas Crim.

Rep., 681; Nance v. State, 17 Texas Crim. App., 385.)   The court gave
a correct charge on circumstantial evidence as applied to the case to
which there is no objection.   Such a charge is inapplicable and should
not be given on the question of venue.

The court did not err in refusing to give appellant's special charge
No. 3 on the question of venue, for the charge of the court on the sub-
ject, which we have given above, substantially covered the same point.
At any rate, the court's charge was amply sufficient on the subject.
Appellant's requested charge omitted and ignored entirely articles 238
and 245 given above.

The judgment is affirmed.

*Affirmed.*