## J. B. SLONE v. THE STATE.

No. 14198. Delivered April 1, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction was for theft of turkeys, and the punishment assessed at twenty-five days in the county jail.

Creed Williams, the owner of the turkeys alleged to have been stolen, testified that he missed four of his turkeys around six o'clock on the morning of the 10th day of February, 1930. He subsequently identified three of his turkeys in the possession of the Potter Produce Company in Ballinger, Texas. The said Williams was corroborated in the identification of the turkeys found in the possession of the produce company as being his turkeys. Representatives of the produce company testified that the appellant brought the turkeys identified by Williams to their place of business and sold them on the 10th day of February around eight o'clock in the morning.

The appellant's defense was that of an an alibi. There was also testimony to the effect that a man by the name of Claud Fugit had about this time borrowed the automobile belonging to appellant's father, which automobile corresponded to the automobile being driven at the time the turkeys were delivered to the produce company. There was also testimony to the effect that there was a striking resemblance in the size and age of Fugit and the appellant.

The case was submitted to the jury under the law of circumstantial evidence and appellant's affirmative defense of an alibi was submitted.

Appellant's bills of exception Nos. 1, 2 and 4 complain of permitting the introduction of testimony showing the identification of the turkeys as belonging to the injured party by the witnesses Williams, Howard Kelley and Ralph Tankersley. The said testimony was objected to because it was the opinion and conclusion of said witnesses. The witness Williams testified positively that they were his turkeys; that he found them at the produce company; and that the turkeys belonged to him. The other two witnesses testified that they were acquainted with the turkeys of the injured party and were positive in their identification thereof. In our opinion these bills do not show error.

Appellant's bill of exception No. 3 complains that after the state had proven by the witness Creed Williams that he lost some turkeys about the 10th day of February, 1930, and went to the Potter Produce Company at Ballinger and recognized his turkeys at said produce house, the state then introduced as a witness Deputy Sheriff Bob Sumerall, who, over the objection of the appellant, testified that he arrested the appellant along in February, 1930, in the town of Coleman, and took the defendant to Ballinger, Texas, and around to the Potter Produce Company at said place; that he knew a Mr. Windham and a negro there by the name of Dave Jones; that it was on the 17th day of February, 1930, that he took the appellant to Ballinger, and that on said occasion he saw said Windham and said Dave Jones at the Potter Produce Company; that he took the defendant with him into the produce house there and this negro and Windham saw him there at that time. Appellant objected to each and every part and portion of same because appellant was under arrest and in the custody of said deputy sheriff, and because said alleged facts were making the appellant give testimony against himself and was exhibiting the appellant to the other state's witnesses, Jones and Windham, for the purpose of making the appellant give testimony against himself; and because same was immaterial, irrelevant, improper and was in effect permitting the witness Sumerall to give to the jury his opinion that the appellant was the man who had stolen the turkeys, and was highly prejudicial.

The bill does not show that there was any conversation between the parties at the time as to the identification of the appellant, nor that they

were asked to identify the appellant, nor that any evidence was offered thereafter on the trial of this case to this effect. This bill does not show error.

By bill of exception No. 5 appellant complains of the action of the court in refusing to allow appellant to testify as a witness in his own behalf, after the evidence was closed and the witnesses excused, but before any argument was had, that on February 9, 1930, he was at home at his father's and stayed there all night, which the evidence showed was some forty miles or more from the home of the state's witness, Creed Williams, from where the turkeys in question were taken. Appellant further complains of the refusal of the court to allow his mother and father to testify on the same issue, who would have testified that the appellant stayed all night at their home on the night of February 9, 1930, and was not away from there during the entire night. The court refused to admit this testimony or any part of it from either of said witnesses, stating as his reason that the witnesses had been excused, that no testimony from the state had been introduced or attempted to be introduced showing that any of the state's witnesses saw the appellant on said night at or near the place or in the neighborhood of Creed Williams. The bill further shows that the evidence was tendered for the purpose of showing that the appellant could not have been at Creed Williams' place, where the turkeys were alleged to have been missing, on the night of February 9, 1930, said Williams having testified that he missed the turkeys on the morning of February 10th, 1930, and that said testimony was material and was offered for the purpose of showing an alibi.

The main defense of the appellant in this case was an alibi and the testimony showing that the turkeys were at the home of the witness Williams on the evening of February 9, 1930, and were gone at six a. m. the next morning, February 10, 1930, it was very material for the appellant to show, if he could, where he was during the night of the 9th. In our opinion it should have been admitted in evidence. It is not shown that it would have impeded the progress of the trial or in any way interfered with the due and orderly administration of justice. It is within the judicial discretion of the trial court whether testimony shall be permitted during the argument, and whether the testimony proposed to be introduced during the argument is in rebuttal or not is immaterial if it appear to be necessary to a due administration of justice. Branch's P. C., sec. 378; Gonzales v. State, 32 Texas Crim. Rep., 620, 25 S. W., 781; Reynolds v. State, 71 Texas Crim. Rep., 454, 160 S. W., 362; Raleigh v. State, 74 Texas Crim. Rep., 484, 168 S. W., 1050. It is only when this discretion is clearly abused that the action of the trial court will be reviewed. But the discretion of the trial court is not so broad if the proffered evidence is material and bears directly upon the main issue in the case and is offered before the argument begins, it would not be within the discretion

of the trial court to exclude it unless it was offered under conditions which would impede the progress of the trial or in some way interfere with the due and orderly administration of justice. Stone v. State, 91 Texas Crim. Rep., 313; De Lerosa v. State, 74 Texas Crim. Rep., 604. The refusal of the court to allow the introduction of said testimony, same being material to the main issue in the case, was such error as calls for a reversal of this case.

Bills of exception Nos. 6, 7 and 8 complain of the argument of the district attorney in his closing speech to the jury. As this case will have to be reversed upon another issue, and the argument complained of is not likely to occur on another trial, we do not deem it necessary to discuss said bills.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.