## TIMOTHY PIERCE V. STATE

No. 28,154. April 11, 1956.

Appellant's Motion for Rehearing Overruled
May 30, 1956.

Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) June 20, 1956.

*J. P. Moseley*, Dallas, for appellant.

*Henry Wade*, District Attorney, *James K. Allen, William F. Alexander, George P. Blackburn*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, death.

The seventeen-year old prosecutrix and her nineteen-year old male companion were parked on a country road after midnight when the appellant and two companions drove by in their automobile. One of the men remained in the appellant's automobile while appellant and one Fite, who was armed with a pistol, approached the parked automobile. Prosecutrix' companion was robbed of his watch and money and then required to sit in the automobile while Fite, and then the appellant, brutally and while holding a pistol to her head, ravished the prosecutrix each twice. As soon as the rapists left, the prosecutrix and her companion went to the police station, thence to the hospital, and thereafter with the officers in search of their attackers. Shortly after sunrise, the appellant, Fite and their other companion were identified by the prosecutrix and her companion as they were riding in an automobile and were by the officers arrested, and prosecutrix' companion's watch was recovered.

Appellant's confession was introduced in evidence without objection.

The appellant pleaded not guilty and filed application for suspended sentence. He did not testify but did offer witnesses as to his good reputation.

The sole grounds for reversal relate to argument of the prosecutor. Appellant's reputation witnesses had pictured him as a man who was regularly employed, but no one who had ever had the appellant in his employ was called to testify. The prosecutor said: "Now for a man with such a good reputation, you would think he could have had at least one employer get on the stand and tell you about it." The appellant contends that this argument injected new facts in the record because it assumed that appellant's employers would know his reputation. With this contention we cannot agree. We construe the same as a simple comment upon the failure of the appellant to call certain witnesses who might have thrown some light upon the issue of his

reputation which he had injected into the case and, as such, is legitimate argument. Hines v. State, 160 Tex. Cr. Rep. 284,. 268 S.W. 2d 459; Johns v. State, 157 Tex. Cr. Rep. 401, 249 S.W. 2d 61; and Bowlin v. State, 93 Tex. Cr. Rep. 452, 248 S.W. 396.

The next bill of exception to argument is quite lengthy, and we will quote only that portion set forth in appellant's brief as follows:

"As we look at those facts (referring to the facts of the rape) and look to this trial, the defendant pleading not guilty, you see a man with the same kind of heart and mind today and saying 'not guilty'.

* * *

"He has plead not guilty before you, this jury, today and I say that he exhibits himself as having the same kind of heart and the same kind of mind that he had on the morning of July 9th of this year under the evidence."

It is apparent from an examination of the entire argument set forth in the bill that the state's attorney was arguing against the plea for suspension of sentence and was urging the jury to set a punishment in keeping with the facts adduced upon the trial as to what had occurred on the night charged in the indictment. Since there was no evidence of any change in the appellant's attitude toward society since he committed the act charged, we think the state was authorized to argue to the jury that they were then about to set a punishment upon a person for a crime such as they had been told about in the testimony.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we erred in holding, as legitimate argument, the reference by the prosecutor to the failure of appellant to call any of his employers to testify to his good reputation. Appellant contends that, since there was no evidence in the record that any of his employers knew his reputation, such comment injected new facts in the record.

As shown by the record and stated in our opinion, appellant filed an application for a suspension of sentence and offered reputation witnesses who described him as a man who was regularly employed.

The filing of the application for a suspension of sentence placed appellant's reputation in issue and authorized state's counsel to comment upon his failure to call witnesses to attest his good reputation. Taylor v. State, 157 Tex. Cr. R. 124, 247 S.W. 2d 127, and Burnett v. State, 162 Tex. Cr. R. 1, 280 S.W. 2d 260.

Under the record and evidence offered by the appellant, we remain convinced that the prosecutor was authorized to comment upon the failure of appellant to call any of his employers to testify as to his reputation.

Appellant re-urges his contention that the reference by state's counsel to the appellant having pleaded not guilty constituted reversible error because such reference was ridiculing him for taking advantage of his legal right to enter such a plea. We do not so construe the argument as set out in the bill. The bill of exception reflects that the prosecutor was reviewing the facts of the case and arguing to the jury that, under the evidence, the appellant's heart and mind were the same on the day of the trial as when the crime was committed. This was legitimate argument and the mere reference to the fact that appellant had pleaded not guilty could not be construed as unjustly ridiculing him for entering the plea.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.