Charles Raymond PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43240.

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

———————◆———————

A. J. Novelli, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 11 years.

Trial was before a jury on a plea of not guilty. Appellant filed motion for probation and elected to have the jury assess the punishment.

By motion for instructed verdict, timely filed, the sufficiency of the evidence to prove that the rape, if any, occurred in Harris County, Texas, was raised in the trial court.

The sole ground of error set forth in appellant's brief filed in the trial court is that the court committed reversible error in overruling the motion for instructed verdict.

Venue in a criminal case is not an element of the offense charged and need not be established by evidence beyond a reasonable doubt. Curtis v. State, 167 Tex.Cr.R. 536, 321 S.W.2d 587; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501; 24 Tex. Jur.2d 418, Evidence—Section 740, and cases cited under Note 3.

Under the express provisions of Art. 13.-22 Vernon's Ann.C.C.P., rape may be prosecuted in the county in which it is committed, and when (as in Harris County) the judicial district comprises only one county, prosecution may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county.

Further, Art. 13.25 V.A.C.C.P. relating to proof of venue provides:

"In all cases mentioned in this Chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts in the case, the county where such prosecution is carried on has jurisdiction."

In view of the rules stated, proof by a preponderance of the evidence that the rape was committed in Harris County, or in an adjoining county, would be sufficient proof of venue.

The testimony of the prosecutrix relating to venue includes the following:

As the prosecutrix entered her car to leave a Lounge on Larkin Street, in Houston, about 4:15 P.M., appellant who had

been in the Lounge, jumped in, started the car and drove out Hempstead Highway. She screamed for help when he stopped at a red light on Hempstead Highway;

"Q. After you left this traffic signal on Hempstead Highway, where did you go?

"A. I don't know where it was.

"Q. Did you go further out Hempstead Highway?

"A. He drove a good ways out.

"Q. Then what happened?

"A. Well, when I finally raised up, there wasn't nothing there but a muddy road and a bunch of trees where he took me.

"Q. Was it still in Harris County where he took you?

"A. I'm pretty sure it was.

"Q. After he got out on this muddy road, did he ever stop the car?

"A. Only just when he stopped—

"Q. He did stop the car, I take it?

"A. Yes.

"Q. What did he do first after he stopped the car on this muddy road in the trees?

"A. Well, he tore my clothes off me."

(The testimony as to the assault, attempted sodomy and rapes committed at such place need not be set out.)

Other evidence elicited from the prosecutrix on direct and cross examination which relates to the question of venue includes the following:

"Q. These bruises on your hands and arms, were they there prior to the time this Defendant took you off somewhere in Harris County off the Hempstead Highway and—

"A. No, sir.

"MR. NOVELLI: We object at this time to an insertion in what county this may have happened by the State.

"THE COURT: Do you object to the form of the question?

"MR. NOVELLI: Yes, sir.

"THE COURT: I sustain it as to the form of the question.

\*   \*   \*   \*   \*   \*

"Q. Thank you. Where was this muddy road?

"A. I don't know.

"Q. How far out Hempstead Highway?

"A. He drove a good while. I don't know where it is.

"Q. Would you take a guess as to how long he drove?

"A. I really don't know. He drove a good ways. There wasn't no house around there. Just trees and a muddy road. He must have been there before.

"Q. How far off Hempstead Highway was it?

"A. A good ways. It was on a muddy road and there wasn't no house around.

"Q. Was it a good ways out Hempstead Highway?

"A. Yes, I would say so.

\*   \*   \*   \*   \*   \*

"Q. You don't recall seeing what streets you came down and where you turned back on?

"A. We came back down Hempstead Highway and turned on Kansas.

"Q. I know, but where out Hempstead Highway?

"A. Oh, I don't remember. I was too much in shock.

"Q. Was it past—was it in the country?

"A. No, it wasn't in the country. There was a lot of stores we passed all along the highway.

"Q. But you don't recall where you were?

"A. No.

\*    \*    \*    \*    \*    \*

"Q. You say you were a long way out Hempstead Highway, but you never went through Waller, did you?

"A. No, sir, I don't believe we went that far."

The contention that the state failed to prove that venue did lie in Harris County, Texas, is overruled.

The judgment is affirmed.