Roy Sylvester BELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 52494.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied March 1, 1977.

Melvyn Carson Bruder and Tom W. Mills, Jr., Charles H. Erwin, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, John Ovard and James K. Johnson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for rape under the provisions of the former Penal Code, Article 1183, Vernon's Ann.P.C. Appellant was tried before a jury which assessed punishment at ninety-nine (99) years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Briefly summarized, the record reflects that the appellant abducted the prosecutrix from the parking lot of a Gibson's Discount Center in Dallas. He overpowered her, pushed her into her own car and then drove the car away while holding her down in the front seat. He drove her to a home in Heath, Rockwall County, which adjoins Dallas County. Inside the house, he forced her to disrobe, then forced her to commit acts of oral sodomy on him and to submit to vaginal intercourse. He later drove her back to the Pleasant Grove area of Dallas, where they were spotted by a Dallas police officer who had been alerted by witnesses in the Gibson's parking lot. A high-speed chase ensued after which appellant was apprehended.

Appellant's first, fourth, fifth and sixth grounds of error concern the issue of venue. In his first ground of error appellant contends that the trial court erred denying his motion for instructed verdict because the State failed to prove venue in Dallas County. It is uncontroverted that the actual rape was committed in Rockwall County. Appellant contends that under the provisions of Article 13.22, Vernon's Ann.C.C.P., in effect at the time of the 1973 indictment, venue would not be proper in Dallas County.

Article 13.22, supra, provides that

"Rape may be prosecuted in the county in which it is committed, or in any county of the judicial district in which it is committed, or in any county of the judicial district the judge of which resides nearest the county seat of the county in which the offense is committed. *When the judicial district comprises only one county, prosecutions may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county . . .*" (Emphasis added).[1]

Appellant contends that this Court's opinion in *Phillips v. State,* 459 S.W.2d 632 (Tex.Cr. App.1970), which would otherwise be dispositive of this case, misinterpreted the italicized portion of Article 13.22 quoted above.

In *Phillips,* the prosecutrix testified that she was abducted as she was about to enter her car in the parking area of a lounge in Houston. She stated that the accused drove her "a good ways out" of Houston on the Hempstead Highway and stopped on a deserted, muddy road where the rape took place. She was unable to state whether this location was in Harris County. Presiding Judge Woodley noted that portion of Article 13.22 which provides that if "the judicial district comprises only one county, prosecution may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county." He then went on to state that "proof by a preponderance of the evidence that the rape was committed in Harris County, or in an adjoining county, would be sufficient proof of venue" in Harris County.

Appellant contends that this holding would be correct only if the county adjoining Harris County was a single county judicial district. Where the adjoining county is only one county of a multi-county judicial district, as in the instance case, appellant contends that venue is proper in that county or in any of the other counties comprising the judicial district, but would not be proper in an adjoining county which is not part of the judicial district.

In the instant case, Dallas County is a single county judicial district. See generally Article 199(14), Vernon's Ann.C.S. and amendments thereto creating additional courts within Dallas County. Rockwall

---

1. Article 13.22 was amended effective January 1, 1974. Article 13.15, the new provision, is substantially the same as the former statute.

County is part of the 86th Judicial District which also includes Kaufman and Van Zandt Counties. Article 199(86), Vernon's Ann.C.S.

It is undisputed that the actual rape took place in Rockwall County. Therefore under appellant's interpretation of Article 13.22, supra, venue would be proper in Rockwall, Kaufman or Van Zandt Counties, but would not be proper in adjoining Dallas County because Rockwall County, where the offense was committed, is not a single county judicial district.

Support for appellant's interpretation of the statute is found in *Fortune v. State,* 96 Tex.Cr.R. 569, 259 S.W. 573 (Tex.Cr.App. 1924). That case interpreted Article 254, Vernon's Ann.C.C.P., a forerunner of Article 13.22 containing an identical provision. The decision interpreted that portion of the venue statute to mean that "when the county in which the offense is committed comprises one judicial district, the prosecution may be in that county or any adjoining county."

*Phillips,* on the contrary, interprets Article 13.22 to mean that venue is proper in a single county judicial district when the offense is committed there or in any adjoining county. We do not think that it was the intent of the Legislature to give Article 13.22 the meaning implied in *Phillips.* To do so would mean that any rape occurring in any county bordering a large, metropolitan county which itself comprises a judicial district could be prosecuted in the courts of the single-county district. To illustrate, any rape occurring in any county which adjoins Dallas County could be prosecuted in Dallas County no matter where the prosecutrix was abducted. In view of the Legislature's express desire that rape prosecutions should take precedence over other cases, see Article 13.22, supra, we think that the converse is true: That if a rape is committed in Dallas County, it can be prosecuted in Dallas County or any adjoining county.

We note that the Code of Criminal Procedure has no provision applicable to rape comparable to Article 13.12 (now Article 13.08) which provides that in theft cases venue is proper in the county where the property is stolen or in any county through or into which the thief may carry the property. Nor is there a provision similar to Kentucky Revised Statutes 452.550 which states,

"Where an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs."

See *Moore v. Commonwealth,* 523 S.W.2d 635 (Ky.Ct.App.1975).

The *Phillips* case and the subsequent cases of *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974) and *Banks v. State,* 530 S.W.2d 940 (Tex.Cr.App.1975) are distinguishable on their facts. In each of those cases the testimony established by a preponderance of the evidence that the rape occurred in the county of prosecution. To the extent that *Phillips* misinterprets Article 13.22 (or Article 13.15) it is overruled.

Therefore, we find that venue was not proper in Dallas County and the trial court erred in denying appellant's motion for instructed verdict.

In light of our disposition of this ground of error, we need not discuss appellant's remaining contentions.

The judgment is reversed and the cause remanded.

ODOM, Judge, concurring.

I reluctantly concur with the majority opinion because the language of Art. 13.22, V.A.C.C.P., is not subject to any other interpretation. It puzzles me, however, why the Legislature has constructed this "one way street" for rape prosecutions. If the rape is committed in a county comprising one judicial district, the prosecution may proceed in any adjoining county. But, a county comprising one single judicial district cannot prosecute a rape occurring in an adjoining county. I perceive no justification for this

distinction. We must, however, adhere to the mandate of the statute.

PHILLIPS, J., joins in this concurrence.