Wilkins v. State 






NO. 10-90-126-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          THOMAS J. WILKINS,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                           Appellee

* * * * * * * * * * * * *

From 66th Judicial District Court 
Hill County, Texas
 Trial Court # 28,076 

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *

          Thomas J. Wilkins, Appellant, was convicted by the court of the offense of aggravated
sexual assault of a child and assessed eight years in prison. See Tex. Penal Code Ann. § 22.021
(Vernon 1989). He complains by one point of error that the court erred when it denied his motion
for an acquittal based upon the State's "failure" to prove venue as set forth in the indictment. We
will overrule the point and affirm the judgment. 
          The indictment alleged that the offense occurred in Hill County, Texas. Appellant
contends that the proof at trial, however, did not show that such offense occurred in Hill County. 
Proof of venue is controlled by article 13.17 of the Code of Criminal Procedure, which provides
that the state must prove by "the preponderance of the evidence that by reason of the facts in the
case, the county where such prosecution is carried on has venue." Tex. Code Crim. Proc. Ann.
art. 13.17 (Vernon 1977). Venue may be proven by either direct or circumstantial evidence. 
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). "[I]t is sufficient, if from the
evidence, the [fact finder] may reasonably conclude that the offense was committed in the county
alleged." Curtis v. State, 167 Tex. Crim. 536, 321 S.W.2d 587, 589 (1959). 
          Two State's witnesses testified as to venue. Appellant argues that the testimony of both
witnesses amounted to no evidence that venue was proper. The victim testified that she lived in
Hillsboro on the date of the offense. When she was later asked if she lived in Hill County, she
responded: "I really don't know. I don't know if it was in Hill County. But it was in Hillsboro. 
It was like seven or so miles out of the town area." Paula Sullins, a former Hill County Sheriff's
Deputy who took part in the investigation of the case, testified that she had never been to the
residence where the offense occurred, that at the time she took the victim's statement she did not
know the offense occurred in Hill County, but that she was given a route number and knew the
victim had a Hillsboro address, and that "it was in the county." This testimony was clarified when
Sullins testified that she "later" found out that the address was in Hill County. We hold that the
evidence was sufficient to support a finding, by a preponderance of the evidence, that venue was
proper. See Banks v. State, 530 S.W.2d 940, 943 (Tex. Crim. App. 1975) (holding that a
witness's testimony that the offense occurred no more than three miles from Seminole, the county
seat of Gaines County, and that she thought it was in Gaines County, but was not sure, was
sufficient evidence that a finding of venue in Gaines County was proper). Appellant's point is
overruled and the judgment is affirmed. 


                                                                                 BILL VANCE

Before Chief Justice Thomas, 
          Justice Cummings
          and Justice Vance
Affirmed
Opinion delivered and filed February 28, 1991 
Do not publish 



ddock.
 
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed May 30, 2001 
Do not publish