In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-220 CV


____________________



DONALD FOSTER, Appellant



V.



JERRY HOWETH, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D010222-C






O P I N I O N


 Appellant, Donald Foster, sued Appellee, Jerry Howeth, for malicious prosecution
relating to an incident on May 19, 1999, in which Foster beat Howeth to the point of
unconsciousness. 

 Foster was charged with robbery and the lesser included offense of assault. A jury
convicted Foster of the lesser included offense of assault. Foster filed a lawsuit against
Howeth for malicious prosecution. The trial court granted Appellee's Motion for
Summary Judgment and entered judgment in favor of Howeth against Foster. It is from
this summary judgment that Foster appeals.

 We begin our review with Foster's first issue of "whether the District Court in
granting summary judgment improperly decided disputed factual issues." In a traditional
summary judgment motion, the movant has the burden of showing there is no genuine issue
of material fact, and it is entitled to judgment as a matter of law. See American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of
the non-movant and any doubts resolved in its favor. Id. When the trial court's order
granting summary judgment does not specify the ground or grounds relied on for its ruling,
the appellate court affirms the judgment if any theory advanced has merit. State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989). "On appeal, the movant still bears the burden of showing that there is
no genuine issue of material fact and that the movant is entitled to judgment as a matter of
law." Allen v. W.A. Virnau & Sons, Inc., 28 S.W.3d 226, 231 (Tex. App.--Beaumont
2000, pet. denied) (citing Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548
(Tex. 1985)).

 Howeth is entitled to summary judgment if he disproves the facts of at least one
element of Foster's cause of action. Grinnell, 951 S.W.2d at 425. 

 In order to establish a claim for malicious prosecution, the following elements must
be established:

 (1) a criminal prosecution was commenced against the Plaintiff;

 (2) the defendant initiated or procured the prosecution;

 (3) the prosecution was terminated in Plaintiff's favor;

 (4) the Plaintiff was innocent of the charge;

 (5) the Defendant did not have probable cause for the proceeding;

 (6) the Defendant acted with malice; and 

 (7) the Plaintiff suffered damages as a result of the prosecution.

See Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). In regard to
element three, prosecution was not terminated in Plaintiff's favor. Prior to the summary
judgment hearing, Foster was charged with robbery and convicted of the lesser included
offense of assault. See Curtis v. State, 321 S.W.2d 587, 589 (Tex. Crim. App. 1959). 
Presently, Foster cannot, as a matter of law, establish element number three because he
was found guilty, and his conviction has not been set aside. For the same reasons, Foster
cannot establish elements number four and five. Based on the foregoing, the trial court
properly granted Appellee's Motion for Summary Judgment dismissing Foster's malicious
prosecution claim against Howeth.

 Foster's second issue for review is "whether the Plaintiff's factual allegations of
malicious prosecution/malicious tendering false information or formal charge to law
enforcement official (s) and procured information which he knew was false and raises a
material issue under State and/or Federal Constitution (s) supra." Foster has failed to
assert either a state or federal constitutional claim in the underlying action. Since Foster
did not plead this cause of action, he cannot raise that issue as grounds for reversal for the
first time on appeal. Tex. R. Civ. P. 166a(c). Finally, Foster waived any issue regarding
a constitutional claim by failing to provide authority and support for his argument. Tex.
R. App. P. 38.1(h); see Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 209 (Tex.
App.--Houston [14th Dist] 2001, pet. denied). The judgment is AFFIRMED.





 DON BURGESS

 Justice


Submitted on July 10, 2003

Opinion Delivered July 31, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.