IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00238-CV

 

Ted Booher,

                                                                                    Appellant

 v.

 

Zeig Enterprises, Inc.,

                                                                                    Appellee

 

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 08-03-17,939-CV-A

 



MEMORANDUM  Opinion



 








            Ted Booher entered a contract
with Zeig Enterprises, Inc. to purchase certain unimproved real property. 
Closing was scheduled for February 2007, but was delayed when the parties
discovered environmental hazards on the property.  Booher spent approximately
$150,000 cleaning the property.  On October 4, Zeig notified Booher of an
October 12 closing date.  Booher was unable to prepare for closing and sued
Zeig.  The trial court granted Zeig’s traditional and no-evidence motions for
summary judgment.  In two issues, Booher appeals the granting of these
motions.  We affirm.

ANALYSIS

            In issue one, Booher
maintains that he had good cause for filing late responses to Zeig’s request
for admissions, on which Zeig relied in its summary judgment motion.  The trial
court granted Booher’s motion to withdraw the deemed admissions.  In its brief,
Zeig states that it did not object to the withdrawal and does not challenge the
trial court’s decision.  This issue presents nothing for our review.

            In issue two, Booher asserts
unjust enrichment and promissory estoppel arguments to support his contention that
summary judgment was improperly granted.  He cannot prevail on either theory.

            First, as argued by Zeig, Booher
cannot recover under an unjust enrichment theory because his written contract with
Zeig addresses the issue in dispute.  See Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000) (“Generally speaking, when
a valid, express contract covers the subject matter of the parties’ dispute,
there can be no recovery under a quasi-contract theory.”).  Specifically, the
contract provides that Booher is to purchase the property “in its present
condition ‘as is, where is’” and contains an “environmental matters” provision:

Buyer is advised that the presence of
wetlands, toxic substances, including asbestos and wastes or other
environmental hazards, or the presence of a threatened or endangered species or
its habitat may affect Buyer’s intended use of the Property.  Buyer should
inspect the Property for such matters.  Upon closing Buyer assumes
responsibility for all such matters.  

 

At a hearing on an unrelated motion,
Booher testified that he believed this provision to mean that if an
environmental problem arose, it was his responsibility.

            The contract addresses the
purchase of the property in its “present condition.”  The unjust enrichment claim
involves an environmental condition found on the property to be purchased under
the contract.  Booher agreed to purchase the property “as is” and, per the
“environmental matters” provision in the contract, understood himself to be the
party responsible for environmental conditions found on the property.  Because
the contract addresses the subject matter of the dispute, an unjust enrichment
theory is not available to Booher.  See Fortune, 52 S.W.3d at 684.

            Second, Booher’s argument that
he detrimentally relied on Zeig’s representations such that he spent $150,000
cleaning property that he believed he was purchasing, is couched in terms of a promissory
estoppel argument that was never pleaded.  Because this cause of action was not
pleaded, we need not consider it.[1] 
See Foster v.
Howeth, 112 S.W.3d 773,
775 (Tex. App.—Beaumont 2003, no pet.); see also Pooser v. Cox Radio, Inc.,
No. 04-08-00270-CV, 2009 Tex. App. LEXIS 492, at *10 (Tex.
App.—San Antonio Jan. 28, 2009, no pet.) (mem. op.).

            In summary, the trial court properly
granted Zeig’s traditional and no-evidence motions for summary judgment.  We
overrule issues one and two.  The trial court’s judgment is affirmed.

  

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed 

Opinion
delivered and filed July 8, 2009

[CV06]









[1]               Even had promissory
estoppel been pleaded, Booher does not argue that the contract was in any way
unenforceable, a prerequisite for asserting promissory estoppel.  See Frost Crushed Stone Co. v. Odell Geer
Constr. Co., 110 S.W.3d
41, 44 (Tex. App.—Waco 2002, no pet.) (Although promissory estoppel is normally a defensive
theory, it is an available cause of action to a promisee who relied to his
detriment on an otherwise unenforceable promise.); see also Ondemir v. Ocwen Fed. Bank, No.
04-02-00721-CV, 2003 Tex.
App. LEXIS 7890, at *6 (Tex. App.—San Antonio Sept. 10, 2003, pet. denied)
(mem. op.).