

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00238-CV

TED BOOHER,

                                                      Appellant

 v.

ZEIG ENTERPRISES, INC.,

                                                      Appellee

From the 82nd District Court
Robertson County, Texas
Trial Court No. 08-03-17,939-CV-A

## MEMORANDUM OPINION

Ted Booher entered a contract with Zeig Enterprises, Inc. to purchase certain unimproved real property. Closing was scheduled for February 2007, but was delayed when the parties discovered environmental hazards on the property. Booher spent approximately $150,000 cleaning the property. On October 4, Zeig notified Booher of an October 12 closing date. Booher was unable to prepare for closing and sued Zeig. The trial court granted Zeig's traditional and no-evidence motions for summary judgment. In two issues, Booher appeals the granting of these motions. We affirm.

## ANALYSIS

In issue one, Booher maintains that he had good cause for filing late responses to Zeig's request for admissions, on which Zeig relied in its summary judgment motion. The trial court granted Booher's motion to withdraw the deemed admissions. In its brief, Zeig states that it did not object to the withdrawal and does not challenge the trial court's decision. This issue presents nothing for our review.

In issue two, Booher asserts unjust enrichment and promissory estoppel arguments to support his contention that summary judgment was improperly granted. He cannot prevail on either theory.

First, as argued by Zeig, Booher cannot recover under an unjust enrichment theory because his written contract with Zeig addresses the issue in dispute. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory."). Specifically, the contract provides that Booher is to purchase the property "in its present condition 'as is, where is'" and contains an "environmental matters" provision:

> Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. Buyer should inspect the Property for such matters. Upon closing Buyer assumes responsibility for all such matters.

At a hearing on an unrelated motion, Booher testified that he believed this provision to mean that if an environmental problem arose, it was his responsibility.

The contract addresses the purchase of the property in its "present condition." The unjust enrichment claim involves an environmental condition found on the property to be purchased under the contract. Booher agreed to purchase the property "as is" and, per the "environmental matters" provision in the contract, understood himself to be the party responsible for environmental conditions found on the property. Because the contract addresses the subject matter of the dispute, an unjust enrichment theory is not available to Booher. *See Fortune*, 52 S.W.3d at 684.

Second, Booher's argument that he detrimentally relied on Zeig's representations such that he spent $150,000 cleaning property that he believed he was purchasing, is couched in terms of a promissory estoppel argument that was never pleaded. Because this cause of action was not pleaded, we need not consider it.[1] *See Foster v. Howeth*, 112 S.W.3d 773, 775 (Tex. App.—Beaumont 2003, no pet.); *see also Pooser v. Cox Radio, Inc.*, No. 04-08-00270-CV, 2009 Tex. App. LEXIS 492, at *10 (Tex. App.—San Antonio Jan. 28, 2009, no pet.) (mem. op.).

In summary, the trial court properly granted Zeig's traditional and no-evidence motions for summary judgment. We overrule issues one and two. The trial court's judgment is affirmed.

---

[1] Even had promissory estoppel been pleaded, Booher does not argue that the contract was in any way unenforceable, a prerequisite for asserting promissory estoppel. *See Frost Crushed Stone Co. v. Odell Geer Constr. Co.*, 110 S.W.3d 41, 44 (Tex. App.—Waco 2002, no pet.) (Although promissory estoppel is normally a defensive theory, it is an available cause of action to a promisee who relied to his detriment on an otherwise unenforceable promise.); *see also Ondemir v. Ocwen Fed. Bank*, No. 04-02-00721-CV, 2003 Tex. App. LEXIS 7890, at *6 (Tex. App.—San Antonio Sept. 10, 2003, pet. denied) (mem. op.).

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed July 8, 2009
[CV06]