LYNN DOUGLAS TETER V. STATE.

No. 29,953. October 8, 1958.

*McCarthy, Rose & Haynes, (George S. McCarthy of Counsel),* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, three days in jail and a fine of $50.

The evidence, viewed from the state's standpoint, is sufficient to sustain the verdict, the jury having resolved the issue of appellant's intoxication against him and accepted the testimony of officers that he was intoxicated. The undisputed evidence shows that at the time of his arrest he was driving an automobile on a public highway.

Bills complaining of the overruling of challenges for cause to jurors are identical with those held insufficient in Bayless v. State, No. 29,952, this day decided. (Page 479, this volume), 316 S.W. 2d 743.

A third bill complains of the following:

When the jury came into court with their verdict, the jurors were polled at appellant's request and the Juror Mrs. Weaver replied that it was not her verdict, and that she "would have voted not guilty, and that she wished to go home. "

Appellant's motion for mistrial was overruled and the jury was retired to the jury room to deliberate further, and the trial judge and the attorneys consulted briefly before the jury returned.

The trial judge proceeded then to tell the jurors that they might recess for the evening and go home, if they desired, and the Juror Mrs. Weaver interrupted and "said that she expected the young man was drunk while driving and that she should not have gone against her vote and that she did not need to recess until the next morning, but that she wanted to vote guilty."

Thereupon, over the protest of Mrs. Weaver "that she did not need to think about it further," the jury returned to the jury room, and after a very short time they informed the bailiff they had a verdict and were brought into court, returned the verdict, and being again polled all including Mrs. Weaver said it was his or her verdict.

The trial judge appears to have followed the procedure provided in Art. 491 V.A.C.C.P. and we find no error in the bill.

The judgment is affirmed.