NO. 07-03-0300-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2004

_____

PAUL EDWARD SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,011-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of guilty before a jury, appellant Paul Edward Smith was convicted of possession of marihuana and punishment was assessed at 12 years

confinement and a $10,000 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, she concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response and the State did not favor us with a brief.

On April 13, 2002, appellant was stopped for speeding by a DPS trooper. Appellant was driving a rented van and gave the trooper conflicting information regarding who rented the van. After being issued a warning for speeding, appellant consented to a search of the van. Upon opening the hatch, the trooper observed four very large suitcases and also detected an odor of marihuana. A search of the suitcases revealed over 300 pounds of marihuana packaged in vacuum sealed bricks. Appellant was arrested and tried for

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

possession of 2,000 pounds or less but more than 50 pounds of marihuana. After a jury was empaneled, however, appellant chose to plead guilty. Evidence was presented and the jury was charged to find appellant guilty and assess his punishment.

By the *Anders* brief, counsel raises two arguable issues and then candidly concedes that no reversible error is presented. The issues are whether the trial court (1) abused its discretion in not allowing defense counsel to pose questions to the venire which were proper questions concerning a proper area of inquiry, and (2) erred in denying defense counsel's challenges for cause regarding venire members Bass and Koonce because they were, as a matter of law, biased against the law applicable to the case and upon which appellant was entitled to rely.

During *voir dire* defense counsel asked the venire members if they could consider two years probation for an individual convicted of possession of 2,000 pounds of marihuana. After a lengthy exchange of questions and answers, venire members Bass and Koonce voiced their refusal to consider two years probation for an individual convicted of possessing 2,000 pounds of marihuana. Later, defense counsel asked Bass if he could consider two years probation for someone convicted of possessing 1900 pounds of marihuana. The State's objection to defense counsel's attempt to commit a potential juror to a specific fact circumstance was sustained, and defense counsel's motion to strike Bass for cause for refusing to consider the full range of punishment was denied.

Upon reviewing the list of potential jurors, the defense exercised a peremptory strike on Koonce. After defense counsel explained to the trial court that he was forced to use a peremptory strike on Bass that was originally designated for another objectionable juror, the trial court gave the defense an additional peremptory strike.

A trial court has broad discretion over *voir dire*, including the propriety of particular questions. Barajas v. State, 93 S.W.3d 36, 38 (Tex.Cr.App. 2002). A trial court abuses its discretion only when a proper question about a proper area of inquiry is prohibited. *Id*. The following question was not permitted by the trial court following the State's objection that defense counsel was attempting to commit a juror to a specific fact circumstance:

> I just want to ask you, 1,900 pounds of marijuana, you find somebody guilty and convict them of possession of 1,900 pounds of marijuana, any way you can consider two years probation?

Hypothetical questions which attempt to commit prospective jurors to a certain punishment verdict based on facts peculiar to the case on trial are improper. Chimney v. State, 6 S.W.3d 681, 690 (Tex.App.–Waco 1999, pet. ref'd), citing Williams v. State, 481 S.W.2d 119, 120-21 (Tex.Cr.App. 1972); *see generally* Standefer v. State, 59 S.W.3d 177, 179-83 (Tex.Cr.App. 2001) (explaining commitment questions). Moreover, assuming *arguendo* that the trial court erroneously prohibited defense counsel from questioning prospective jurors, no harm resulted. *Voir dire* is harmful when a defendant (1) exhausts all his peremptory challenges, (2) requests additional peremptory challenges, (3) has his request denied, and (4) identifies an objectionable person seated on the jury on whom he

4

would have exercised a peremptory challenge. Anson v. State, 959 S.W.2d 203, 204 (Tex.Cr.App. 1997). Here, defense counsel asked and was granted an additional peremptory strike with which to remove an objectionable juror. Thus, we agree with appellate counsel that the trial court did not abuse its discretion during *voir dire* and that no reversible error is presented by these arguable issues.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>
Justice

Do not publish.

5