NO. 07-03-0300-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 26, 2004



______________________________




PAUL EDWARD SMITH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,011-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of guilty before a jury, appellant Paul Edward Smith was
convicted of possession of marihuana and punishment was assessed at 12 years
confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders (1)
brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

 In support of her motion to withdraw, counsel has certified that she has diligently
reviewed the record and, in her opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, she concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that she sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that she notified appellant of his right to review the record and file a pro
se response if he desired to do so. Appellant did not file a response and the State did not
favor us with a brief.

 On April 13, 2002, appellant was stopped for speeding by a DPS trooper. Appellant
was driving a rented van and gave the trooper conflicting information regarding who rented
the van. After being issued a warning for speeding, appellant consented to a search of the
van. Upon opening the hatch, the trooper observed four very large suitcases and also
detected an odor of marihuana. A search of the suitcases revealed over 300 pounds of
marihuana packaged in vacuum sealed bricks. Appellant was arrested and tried for
possession of 2,000 pounds or less but more than 50 pounds of marihuana. After a jury
was empaneled, however, appellant chose to plead guilty. Evidence was presented and
the jury was charged to find appellant guilty and assess his punishment. 

 By the Anders brief, counsel raises two arguable issues and then candidly concedes
that no reversible error is presented. The issues are whether the trial court (1) abused its
discretion in not allowing defense counsel to pose questions to the venire which were
proper questions concerning a proper area of inquiry, and (2) erred in denying defense
counsel's challenges for cause regarding venire members Bass and Koonce because they
were, as a matter of law, biased against the law applicable to the case and upon which
appellant was entitled to rely.

 During voir dire defense counsel asked the venire members if they could consider
two years probation for an individual convicted of possession of 2,000 pounds of
marihuana. After a lengthy exchange of questions and answers, venire members Bass
and Koonce voiced their refusal to consider two years probation for an individual convicted
of possessing 2,000 pounds of marihuana. Later, defense counsel asked Bass if he could
consider two years probation for someone convicted of possessing 1900 pounds of
marihuana. The State's objection to defense counsel's attempt to commit a potential juror
to a specific fact circumstance was sustained, and defense counsel's motion to strike Bass
for cause for refusing to consider the full range of punishment was denied.

 Upon reviewing the list of potential jurors, the defense exercised a peremptory strike
on Koonce. After defense counsel explained to the trial court that he was forced to use a
peremptory strike on Bass that was originally designated for another objectionable juror,
the trial court gave the defense an additional peremptory strike.

 A trial court has broad discretion over voir dire, including the propriety of particular
questions. Barajas v. State, 93 S.W.3d 36, 38 (Tex.Cr.App. 2002). A trial court abuses
its discretion only when a proper question about a proper area of inquiry is prohibited. Id. 
The following question was not permitted by the trial court following the State's objection
that defense counsel was attempting to commit a juror to a specific fact circumstance: 

 I just want to ask you, 1,900 pounds of marijuana, you find somebody guilty
and convict them of possession of 1,900 pounds of marijuana, any way you
can consider two years probation? 


 Hypothetical questions which attempt to commit prospective jurors to a certain
punishment verdict based on facts peculiar to the case on trial are improper. Chimney v.
State, 6 S.W.3d 681, 690 (Tex.App.-Waco 1999, pet. ref'd), citing Williams v. State, 481
S.W.2d 119, 120-21 (Tex.Cr.App. 1972); see generally Standefer v. State, 59 S.W.3d 177,
179-83 (Tex.Cr.App. 2001) (explaining commitment questions). Moreover, assuming
arguendo that the trial court erroneously prohibited defense counsel from questioning
prospective jurors, no harm resulted. Voir dire is harmful when a defendant (1) exhausts
all his peremptory challenges, (2) requests additional peremptory challenges, (3) has his
request denied, and (4) identifies an objectionable person seated on the jury on whom he
would have exercised a peremptory challenge. Anson v. State, 959 S.W.2d 203, 204
(Tex.Cr.App. 1997). Here, defense counsel asked and was granted an additional
peremptory strike with which to remove an objectionable juror. Thus, we agree with
appellate counsel that the trial court did not abuse its discretion during voir dire and that
no reversible error is presented by these arguable issues.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578
(Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



" Name="Light List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0198-CR,
07-08-0199-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

            

JANUARY 31, 2010

______________________________

 

RICHARD RANDALL DRAKE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

_________________________________

 

FROM THE 223RD
DISTRICT COURT OF GRAY COUNTY;

 

NO. 7329; HONORABLE
LEE WATERS, JUDGE

_______________________________

 

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            By separate indictments, appellant
Richard Randall Drake was charged with aggravated sexual assault[1]
and indecency with a child.[2] 
A jury convicted him of both offenses and sentenced him to terms of
imprisonment of thirty years and ten years respectively.  The court imposed concurrent sentencing.  Through three issues, appellant appeals his
convictions.  We will affirm.

Background

            The State alleged appellant engaged
in the charged conduct with S.S., the ten-year-old daughter of his cousin.  The actionable events occurred while appellant
baby-sat S.S. and her younger brother, or on an occasion that S.S., and her
female friends J.M. and S.M., spent the night with appellant at his television
repair shop.  

            Evidence at trial included a
statement appellant gave police through which he admitted having oral sex with
S.S. and exposing himself to her.  At
trial, he recanted the statement on the ground it was false, the product of his
desire to protect S.S.  J.M. testified
she played with S.S. at her house and appellant was usually there.  Once, after S.S. showered, J.M. observed
appellant remove the towel covering S.S. and begin licking [S.S.] between her
legs.  She also testified appellant
masturbated as he watched though a hole in the bathroom wall as the girls
bathed.  S.M. testified she saw S.S.
urinate in appellants mouth during the overnight stay at appellants
shop.  S.S. testified to an act of oral
sex, apparently the one described by J.M., and to urination in appellants
mouth.  However, she could not recall if
appellant showed her his private part. 

            After hearing the evidence, the jury
returned a verdict convicting appellant of the charged offenses.  Appellant timely appealed.

 

Discussion

            In his first issue, appellant
complains the trial court erred by overruling his hearsay objection to the
States question of what S.S. told a professional about appellants conduct. 

            During its case-in-chief, the State
presented a forensic interviewer with a childrens advocacy center who
interviewed S.S.  The following exchange
occurred during this testimony:

Q. [by the
prosecutor]:                     Now,
during the interview, what did [S.S.] tell you about what happened to her?

 

[appellants
counsel]:                      Objection;
that calls for hearsay.

 

Q. [prosecutor]:                                 Your Honor, we
would ask that the Court recognize an exception to the hearsay rule under
803(4).

 

The Court:                                         Overruled.  Go ahead.

 

            The witness then explained how S.S.
described appellants exposure of his genitals. 
Without further objection, the State next questioned the witness about
other events S.S. recounted during the interview.  Through this testimony, the witness stated
that according to S.S., appellant refused S.S. and her friends food unless they
allowed him to lick their genitalia.  

            On cross-examination, the witness
acknowledged she did not provide medical treatment for S.S. nor did she make a
medical diagnosis.  Appellant then moved
for an instruction requiring the jury to disregard the testimony of the witness
from the point the State urged admission according to Rule 803(4).  The court took up the matter at a hearing
outside the presence of the jury and after hearing the arguments of counsel
denied appellants request but granted a running objection.

            Addressing appellants issue
requires division of the challenged testimony into two blocks.  The first is the colloquy quoted above and
the second the ensuing direct examination testimony which was admitted without
objection.  

            We turn first to the second block of
testimony.  Appellant did not lodge an
objection to this testimony and even now on appeal does not particularize the
questions he believes sought responses transgressing the rule against
hearsay.  

Under Texas law, if, on appeal, a defendant claims the
trial judge erred in admitting evidence offered by the State, this error must
have been preserved by a proper objection and a ruling on that objection.  A proper objection is one that is specific
and timely.  Further, with two
exceptions, the law in Texas requires a party to continue to object each time
inadmissible evidence is offered.  The
two exceptions require counsel to either (1) obtain a running objection, or (2)
request a hearing outside the presence of the jury. 

 

Martinez v. State, 98 S.W.3d 189, 193
(Tex.Crim.App. 2003).

 

            Concerning the questions following
the courts ruling on appellants hearsay objection and spanning the remainder
of the direct examination of the forensic interviewer, appellant did not
continue objecting, did not obtain a running objection, and did not request a
hearing outside the presence of the jury. 
As for this block of testimony, therefore, nothing is preserved for our
review.  See Tex. R. App. P.
33.1(a).  We note, however, that admission
of the testimony was not harmful.  It did
no more than reiterate facts admitted elsewhere and even included testimony
supportive of the defense.[3]    


            We now consider the courts ruling
on appellants hearsay objection, quoted above. 
The State urges the ruling was proper because the testimony came within
the hearsay exception of Rule of Evidence 803(4) or was a prior consistent
statement, admitted as non-hearsay under Rule 801(e)(1)(B).  Tex. R. Evid. 801(e)(1)(B) & 803(4).

            The standard of review for admission
or exclusion of evidence is abuse of discretion.  Erdman v. State, 861 S.W.2d 890, 893
(Tex.Crim.App. 1993).  A trial court does
not abuse its discretion unless it has acted arbitrarily and unreasonably,
without reference to any guiding rules and principles.  Breeding v. State, 809 S.W.2d 661, 663
(Tex.App.Amarillo 1991, pet. refused). 
As long as the trial courts ruling was within the zone of reasonable
disagreement, there is no abuse of discretion and the trial court's ruling
will be upheld.  See Rachal v. State, 917
S.W.2d 799, 807 (Tex.Crim.App. 1996).  

            Moreover, to constitute reversible
error, the improper admission of the forensic interviewers statement that S.S.
told her appellant exposed himself must have been harmful to appellant.  Tex. R. App. P. 44.2(b); see Johnson v.
State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998) (applying
non-constitutional harm analysis). Non-constitutional error must be
disregarded unless it affected the substantial rights of the accused.  Tex. R. App. 44.2(b).  The substantial rights of an accused are
affected when the error had a substantial and injurious effect or influence in
determining the jurys verdict. King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). Any error in admitting evidence is cured if the same
evidence is admitted elsewhere without objection.Valle v. State, 109
S.W.3d 500, 509 (Tex.Crim.App. 2003). See also Anderson v. State, 717
S.W.2d 622, 627 (Tex.Crim.App. 1986) (If the fact to which the hearsay relates
is sufficiently proved by other competent and unobjected to evidence, . . . the
admission of the hearsay is properly deemed harmless and does not constitute
reversible error).  This rule applies
whether the other evidence was introduced by the defendant or the State and whether
the evidence was received before or after the challenged ruling.  Leday v. State, 983 S.W.2d 713, 718
(Tex.Crim.App. 1998).  

            Assuming, without deciding, that it
was inadmissible hearsay, we find the substance of the complained-of testimony
of the forensic interviewer was admitted elsewhere without limitation or an
objection preserved on appeal.  J.M.
testified that appellant masturbated while watching through a hole in the
bathroom wall as she and S.S. bathed. 
The jury had before it appellants hand-written statement in which he
recalled, I masturbated in front of [S.S.] several times satisfing (sic) her
curiosity.  Also in evidence was
appellants electronically recorded statement in which he stated S.S. had seen
him totally naked.[4]  
On cross-examination, a psychologist called by the State testified that
S.S. told him appellant had shown his privates to her.  The error, if any, of the trial court in
admitting the statement of the forensic interviewer did not affect a
substantial right of appellant and must be disregarded.  We overrule appellants first issue.

            By his second issue,
appellant contends the trial court erred by allowing a psychologist to express
an implied opinion S.S. was truthful in her report of sexual abuse.  On direct examination by the State, the
psychologist testified he was not surprised that S.S. was vague in her
description to him of what happened. 
When asked why, he provided the following explanation, the admission of
which is the subject of appellants issue:

Victims tend to minimize. 
That is, theythey tend not to want to talk about things that have
happened.  They tend not tothey tend to
rationalize what happens.  They tend to
make it okay in their mind so theyre not at fault and so they dont feel bad
about it, so they dont feel guilty, so they dont look like they had a part to
do with it.  They tend to deny some
things on occasion after they once have admitted them, admitted acts.

 

            Expert testimony is admissible only
if it assists the trier of fact to understand the evidence or determine a fact
in issue.  Tex. R. Evid. 702; Duckett
v. State, 797 S.W.2d 906, 914 (Tex.Crim.App. 1990), overruled on other
grounds, Cohn v. State, 849 S.W.2d 817, 819 (Tex.Crim.App. 1993).  Expert testimony assists the trier of fact when
the jury is not qualified to determine the particular issue intelligently and
to the best possible degree. Duckett, 797 S.W.2d at 914.  Expert testimony that identifies certain
physical or behavioral manifestations of sexual abuse and relates these characteristics
to the complainant is admissible even if the complainant has not been
impeached.  Yount v. State, 872
S.W.2d 706, 708-09 (Tex.Crim.App. 1993); Cohn, 849 S.W.2d at
818-19.  On the other hand, [e]xpert
testimony does not assist the jury if it constitutes a direct opinion on the
truthfulness of a child complainants allegations.  Schutz v. State, 957 S.W.2d 52, 59
(Tex.Crim.App. 1997) (quoting Yount, 872 S.W.2d at 708).  Testimony of this nature crosses the line
by deciding the issue for the jury rather than assisting its understanding of
the evidence or determination of a fact in issue.  See Yount, 872 S.W.2d at 709; Duckett,
797 S.W.2d at 914-15.[5] Parson v. State, illustrates
this distinction.  193 S.W.3d 116
(Tex.App.Texarkana 2006, pet. refused). 
There, a licensed professional counselor opined that the trial testimony
of the defendants wife and stepson differed from their earlier statements and
testimony because they suffered battered womans syndrome. Id.
at 126.  The counselor opined
of the effect of this condition on the truthfulness of those so diagnosed but
she rendered no direct opinion of the truthfulness of the witnesses.  Id. 
The court of appeals found no error in allowing the testimony.  Id. 


            We find the psychologist here, in
the complained-of portion of his testimony, did no more than express his expert
opinion concerning the coping means employed by victims of sexual assault.  On direct examination, he offered no opinion
that S.S. was truthful in recounting the events of which she complained.  His testimony in that regard may be compared
with that of the forensic interviewer in Fuller v. State, who was asked
directly whether she had formed an opinion whether the child she interviewed
was being truthful with you.  224
S.W.3d 823, 835 (Tex.App.Texarkana 2007, no pet.).  In the present case, the psychologists
testimony, if believed, would assist the jurys evaluation of the testimony of
S.S.  See Duckett, 797 S.W.2d at
914 (expert testimony must aid and not supplant the jury).  We find no abuse of discretion by the trial
court in admitting the statement of the psychologist of which appellant
complains.[6]  Appellants second issue is overruled. 

            In his third issue, appellant
complains the State injected evidence of improper character conformity, that is
pedophilia with attraction to children of both genders.  The complaint arises from the following
exchange during the cross-examination of appellant:

Q. [by the
prosecutor]:                     You
[appellant] enjoyed playing with those little girls in the swimming pool,
didnt you?

 

A. [appellant]:                                    Yes, and
theand the young boys.

 

Q.                                                        Oh,
you like boys, too?

 

A.                                                        Yes.

 

Q.                                                        So
you also

 

[appellants
counsel]:                      Object to
the sidebar remark.

 

[prosecutor]:                                      I was
merely clarifying, Your Honor, his statement.

 

[appellants
counsel]:                      It was
intended as a sidebar.

 

[prosecutor]:                                      No, Your
Honor.

 

The Court:                                         Overruled.

 

            The State argues the claimed error
was not preserved as the prosecutors question, Oh, you like boys, too? was
not an improper side bar remark.  Side
bar remarks are remarks of counsel that are neither questions to the witness
nor comments addressed to the court.  Brokenberry
v. State, 853 S.W.2d 145, 152 (Tex.App.Houston [14th Dist.] 1993, pet.
refused).  We necessarily view the
complained-of question in the context afforded by the record.  The words of the prosecutor apparently were
perceived by the witness as the States next question, which he answered.  The side bar objection followed the response
as the prosecutor began another question.

            But assuming, arguendo,
appellant preserved the issue he presents on appeal, we nevertheless find it
without merit.  On appeal, appellant
characterizes his answer Yes, and the  and the young boys as
innocent.  He asserts the States next
question obviously and improperly implied that his response was an admission of
a sexual interest in all children, boys and girls.  The appellate record, on which we must base
our judgments and which here records merely the words said, does not permit us
to engage in the kind of characterizations necessary to the conclusions
appellant asserts.  How appellants
volunteered reference to young boys and the prosecutors next question are to
be interpreted depends much on demeanor and inflection of voice.  Consideration of these and other physical
factors falls naturally within the sound discretion of the trial court as it
controls the conduct of trial.  The
permissible scope of cross-examination is wide-ranging, extending to any matter
relevant to the issues.  Woodall v.
State, 216 S.W.3d 530, 536-537 (Tex.App.Texarkana 2007).  The conduct of cross-examination is committed
to the sound discretion of the trial court. 
Sterns v. State, 862 S.W.2d 687, 690 (Tex.App.Tyler 1993, no
pet.).  From the record before us we
perceive no abuse of discretion in the trial courts overruling of appellants
objection.  We overrule appellants third
issue.

Conclusion

            Having overruled appellants three
issues, we affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                          Justice

 

 

Do
not publish.  











[1] 
Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2009).





[2] 
Tex.
Penal Code Ann. § 21.11 (Vernon 2003).





[3] According to the witness, during the interview S.S.
denied that anyone touched or contacted her private places.





            [4] At trial, appellant
objected to the admission of his written and recorded statements on the ground
they were the product of coercion.  The
objections were overruled and of these rulings appellant does not complain on
appeal.





            [5] This dichotomy was
succinctly noted in Rodriquez v. State, 741 P.2d 1200, 1204 (Ak.Ct.App.
1987) (quoted in Duckett v. State, 797 S.W.2d 906, 915 (Tex.Crim.App.
1990)):

 

It appears to us that there is a significant
distinction between presenting a witness, such as a polygraph operator, to
testify that a person is telling the truth, and presenting a witness who can
state that the behavior of a witness falls within a common pattern.

*
* * * *

Testimony by an expert witness that purports
to establish by scientific principles that another witness is telling the truth
treads on dangerous legal ground.  On the
other hand, testimony by an expert witness which provides useful background
information to aid the jury in evaluating the testimony of another witness is
admissible.










            [6] Moreover, direct
inquiry concerning S.S.s truthfulness came during cross-examination of the
psychologist.  Counsel for appellant inquired
whether factors or indicia were available to detect lying; whether the
psychologist could determine the truthfulness and honesty of S.S.; whether it
was possible S.S. was not telling the truth. 
The court sustained the States objection when appellant inquired what
was necessary for the psychologist to determine if S.S. fabricated some or all
her story.